## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MATHIAS TRENT               :
(formerly known as Binh Quoc Tran)   :
13212 9th Street                 :
Bowie, MD 20175,             :
                                    :
            Plaintiff,         :     Case No.:  1:18-cv-02591
     v.                            :
                                    :
UNITED STATES DEPARTMENT OF    :
HOMELAND SECURITY,         :
245 Murray Lane, SW,          :
Washington, D.C. 20528         :
                                    :
            Defendant.       :
                                    :

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act (the "Privacy Act"), 5 U.S.C. § 552a., *as amended*, to compel the production of records related to the initiation, conduct, or conclusion into any investigation into Plaintiff Mathias Trent ("Plaintiff") by DHS San Francisco Division in the Washington Headquarters Division, including any matters that led to the referral or declination of any action by the U.S. Attorney's Office (USAO) for the Northern District of California or which involved a potential referral to another federal or state law enforcement agency. Defendant United States Department of Homeland Security ("DHS" or "Defendant") violated FOIA and the Privacy Act by failing to adequately respond to Plaintiff's requests within the statutory time limit, failing to disclose portions of the requested documents, and unlawfully withholding the requested information. Plaintiff asks the Court to order Defendant to respond to the request and to disclose all responsive documents.

## I.  JURISDICTION AND VENUE

1.      This Court has jurisdiction of this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5).  This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1334.

2.      The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

3.      Venue is proper under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1391(e).

## II.  PARTIES

4.      Plaintiff was and is at all times during this Complaint a resident of Maryland.

5.      Defendant is a federal department with responsibility over public security including anti-terrorism, border security, immigration and customs, cyber security, and disaster prevention and management from which Plaintiff seeks records.  Defendant is headquartered at 245 Murray Lane, SW, Washington D.C. 20528.

## III.  STATUTORY FRAMEWORK

**A.      FOIA**

6.      FOIA promotes open government by providing every person with a right to request and receive federal agency records.  5 U.S.C. § 552(a)(3)(A).

7.      FOIA's basic purpose is for government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

8.      FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. *Id* § 552(a)(6)(A).

9.      An agency must comply with a FOIA request by issuing a determination within twenty (20) business days after receipt of the request. *Id* § 552(a)(6)(A)(i).

10.      The determination must notify the requester of its determination whether to comply with a request, the scope of the documents that the agency plans to withhold under any FOIA exemptions and the reasons for it, and of the right of such person to appeal an adverse determination. *Id* § 552(a)(6)(A)(i); *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).  Moreover, an agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

11.      An agency may be entitled to one ten-day extension of time to respond to a request if it provides notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

12.      An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. *Id* § 552(a)(6)(C)(i).  A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued holding of public records. *Id* § 552(a)(4)(B).

13.      FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

14.      Records exempt from FOIA's broad disclosure mandate must fall into one of the nine categories of exemptions. *Id*. § 552(b). These exemptions, however, must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy. *Dep't of Air Force v. Rose,* 425 U.S. 352, 361 (U.S. 1976).

## B.     THE PRIVACY ACT

15.     The Privacy Act safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records.  *Bartel v. F.A.A.*, 725 F.2d 1403, 1407 (D.C. Cir. 1984).  It does so by allowing an individual to participate in ensuring that his records are accurate and properly used, and by imposing responsibilities on federal agencies to maintain their records accurately. *Id*.

16.     The Privacy Act requires an agency, upon request by an individual, to allow the individual to gain access to his record or any information pertaining to him, to review the record, and have a copy of all or any portion thereof. 5 U.S.C. § 552a(d)(1).

17.     Additionally, the Privacy Act allows the individual to request an amendment of any records pertaining to the individual. *Id*. § 552a(d)(2)(A).

18.     Within ten (10) business days of a Privacy Act request to amend one's record, an agency must acknowledge receipt of the request and make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete or inform the individual of its refusal to amend the record and the reason for the refusal.  *Id*. § 552a(d)(2)(B).

19.     Pursuant to the Privacy Act, an agency is required to collect information "to the greatest extent practicable" from the individual when the information "may result in adverse determinations about an individual's rights, benefits, and privileges under Federal Programs." *Id*. § 552a(e)(2).

20.     The Privacy Act authorizes agencies to exempt certain filing systems from the foregoing requirements, however, the agency must show that the information is properly subject to an identified Privacy Act exemption. *Id.* 5 U.S.C. § 552a(j)-(k).

21.     In order to withhold documents from a requester's twin Privacy Act/FOIA request, an agency must demonstrate that the documents fall within some exception under each Act. *Martin v. Office of Special Counsel, MSPB,* 819 F.2d 1181, 1184 (D.C. Cir. 1987).  If a FOIA exemption covers the documents, but a Privacy Act exemption does not, the documents must be released under the Privacy Act; if a Privacy Act exemption but not a FOIA exemption applies, the documents must be released under FOIA. *Id*.

## IV.  STATEMENT OF FACTS

22.     On or about November 29, 2016, pursuant to FOIA and the Privacy Act, Plaintiff submitted a request via U.S. First Class Mail to Defendant ("the Request").  The Request sought records related to the initiation, conduct or conclusion into any investigation into Plaintiff by DHS San Francisco Division in the Washington Headquarters Division, including any matters that led to the referral or declination of any action by the U.S. Attorney's Office (USAO) for the Northern District of California or which involved a potential referral to another federal or state law enforcement agency in the United States and records in which Plaintiff was considered a witness in any form of investigation or prosecution contemplated by the DHS or the USAO for the Northern District of California.

23.     On or about December 12, 2016, DHS confirmed receipt of the Request and assigned it case number 2017-OBFO-03766.  The acknowledgment letter also requested that the Plaintiff provide the agency with original finger print cards for the Plaintiff.  *See* Exhibit "A".

24.     On or about December 15, 2016, Plaintiff, through counsel, resubmitted his FOIA request to DHS which included a notarized designation representative and original fingerprint cards as requested.  *See* Exhibit "B".

25.     On or about August 15, 2017[1], some nine months after the initial Request, DHS submitted a "final response" via electronic mail.  DHS contented that it had conducted a reasonable search of its databases and determined that it had a total of five (5) responsive documents to the Request.  *See* Exhibit "C".

26.     Further review of the responsive documents produced by DHS revealed a series of withholdings which Plaintiff believes are inapplicable.

27.     Defendant based its withholdings on FOIA Exemption 6, FOIA Exemption 7(C), FOIA Exemption 7(E), and Privacy Act Exemption (k)(2).

28.     On or about October 3, 2017, Plaintiff appealed to Associate General Counsel for DHS (the "Appeal").  In the Appeal, Plaintiff laid out each exemption cited by Defendant, explained why the withholdings were inapplicable, and requested production of the withheld documents.  (*See* Exhibit "D").

29.     Under FOIA, an agency must determine whether to comply with the request within 20 days (excluding weekends and legal holidays) after receiving it. 5 U.S.C. § 522 (a)(6)(A)(i).

30.     Under the Privacy Act, within ten (10) business days of a Privacy Act request to amend one's record, an agency must acknowledge receipt of the request and make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete or inform the individual of its refusal to amend the record and the reason for the refusal.  *Id*. § 552a(d)(2)(B).

---

[1] Although the correspondence was dated July 19, 2017, the correspondence was not received by counsel until August 15, 2017 via electronic mail.

31.     As of the date of filing of this Complaint, a year after submitting the Appeal, Plaintiff has yet to receive a response from the Defendant regarding his Appeal or given an opportunity to review the record and make corrections to the said record.

32.     Plaintiff has a legal right to the requested records.  The Defendant, having failed to provide responses to the Appeal within the statutory time limits, has constructively denied the Request. 5 U.S.C. § 552(a)(6)(A).  Therefore, Plaintiff is deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C) and may file this suit to enforce his rights under FOIA. 5 U.S.C. § 552(a)(4)(B).

33.     Defendant's failure to permit Plaintiff to review and amend the record permits Plaintiff to bring suit against Defendant and enforce his rights under the Privacy Act. 5 U.S.C. § 552a(g)(1)(D).

## V.  STATEMENT OF CLAIMS

### COUNT I: VIOLATION OF THE FREEDOM OF INFORMATION ACT

Defendant Missed FOIA's Mandatory Determination Deadline for Plaintiff's FOIA Request.

34.     Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth in full.

35.     Plaintiff has a statutory right to a lawful final determination from Defendant within the statutory deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

36.     Defendant failed to respond to the Appeal within the statutorily mandated timeframe.

37.     Defendant has violated the Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. §§ 552(a)(6)(A)(i) and (6)(B), by failing to provide a lawful determination on his FOIA requests.

### COUNT II: VIOLATION OF THE FREEDOM OF INFORMATION ACT

Defendant Failed to Promptly Disclose Records Responsive to Plaintiff's FOIA Request.

38.     Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth in full.

39.     Plaintiff has a statutory right to Defendant's prompt disclosure of records following a determination on its FOIA requests. 5 U.S.C. § 552(a)(4)(B).

40.     Defendant violated FOIA by failing to promptly disclose records that are responsive to Plaintiff's Request.

41.     Defendant's failure to produce all the records responsive to the Request is, in effect, a partial denial.

## COUNT III: VIOLATION OF THE FREEDOM OF INFORMATION ACT

Defendant Improperly Withheld Information Pertaining to Plaintiff.

42.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

43.     The Freedom of Information Act (FOIA) has goal of broad disclosure, and its exemptions must be given a narrow compass.  5 U.S.C.A. § 552(b); *Milner v. Dep't of Navy*, 562 U.S. 562, 571 (U.S. 2011).

44.     In response to Plaintiff's Request, Defendant produced documents that contained a series of withholdings, citing to FOIA Exemption 6, 7(C), and 7(E).  Defendant has withheld portions of documents that relate to Plaintiff.  For example, Defendant has redacted information related to Plaintiff's entry in the United States, derogatory information regarding Plaintiff's status, and the entire comment on the last page of the documents produced without any reference to an exemption.

45.     As the information requested is by Plaintiff and concerning Plaintiff, Defendant's reliance on FOIA Exemption 6, 7(C), and 7(E) are inappropriate.

46.     If the records maintained on Plaintiff relate to another individual, FOIA Exemption 6 and 7(C) and its protection of personal privacy does not outweigh Plaintiff's right to the information pursuant to the Privacy Act.  *See Martin v. Office of Special Counsel,* 819 F.2d 1181, 1184 (D.C. Cir. 1987) ("If a FOIA exemption covers the documents, but a Privacy Act exemption does not, the documents must be released under the Privacy Act . . .").

47.     Additionally, under § 552 and § 552a, an agency is required to cite with sufficient particularity the basis of an exemption to allow a requestor and reviewing body to determine with basis for the withholding.  Defendant states that ". . .  I have determined that the privacy interest in the identifies of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information."  However, Defendant has failed to state generically what information is involved nor how it balanced Plaintiff's interest in information concerning himself.

48.     This Court has held that an agency's failure to establish the different privacy interests with particularity make it impossible to balance the private interests with the public's interest in knowing "what their government is up to," (*Reporters Comm.*, 489 U.S. at 773, 109 S.Ct.1468) therefore, warrant a denial of the agency's reliance on FOIA exemptions. *100Reporters LLC v. U.S. Dep't of Justice*, 248 F.Supp.3d 115, 165 (D.D.C. 2017).

49.     Nor did Defendant segregate its response to allow Plaintiff to view the information, while protecting the personal privacy interest of the name or source in question.  FOIA requires that "[a]ny reasonably segregable portion of a record ... be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b).

50.     Defendant's reliance on FOIA Exemption 7(E) is also inapplicable.

51.     FOIA Exemption 7(E) protects from disclosure law enforcement records "to the extent that the production of such . . . information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions ... if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

52.     However, Defendant is obligated to "at least provide some explanation of what procedures are involved and how they would be disclosed." *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice,* 746 F.3d 1082, 1101-1102 (D.C. Cir. 2014).  Defendant has stated that the disclosure of "law enforcement checks, manuals, checkpoint locations, surveillance techniques" warranted exemption of the records.  However, an agency must not only state the procedures that are at stake but that such procedures are listed in the undisclosed record and that the record would allow a reader to extrapolate the procedures from the information contained. *Id*.  Additionally, an agency is required to demonstrate logically how the release of the requested information might create a risk of circumvention of the law.  *Blackwell v. FBI,* 646 F.3d 37, 42 (D.C. Cir. 2011).

53.     Nowhere in Defendant's response does Defendant list that the procedures and techniques it has identified are in the records, that they may be exploited from the records withheld, or how the information withheld would create a risk of the circumvention of law.

## COUNT IV: VIOLATION OF THE PRIVACY ACT

<u>Defendant Violated the Privacy Act's Mandatory Requirement to Provide Plaintiff Access to His Record and Information Pertaining to Him.</u>

54.     Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth in full.

55.     Plaintiff has a statutory right to gain access to his record and any information pertaining to him upon his request. 5 U.S.C. § 552a(d)(1).

56.     Defendant has violated Plaintiff's rights by failing to respond to the Appeal and allowing Plaintiff access to the record. 5 U.S.C. § 552a(d)(1).


## COUNT V: VIOLATION OF THE PRIVACY ACT

<u>Defendant Violated the Privacy Act's Mandatory Requirement to Permit Plaintiff to Amend His Record.</u>

57.     Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth in full.

58.     Within ten (10) business days of a Privacy Act request to amend the record pertaining to an individual, an agency must acknowledge receipt of the request and make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete or inform the individual of its refusal to amend the record and the reason for the refusal. *Id*. § 552a(d)(2)(A)-(B).

59.     Plaintiff has a statutory right to a lawful final determination from Defendant within the statutory deadline that the Privacy Act mandates. *Id*.

60.     Defendant failed to respond to the Appeal within the statutorily mandated timeframe.

61.     Defendant has violated Plaintiff's rights under the Privacy Act by failing to provide a lawful determination on his Appeal. *Id*.

## COUNT VI: VIOLATION OF THE FREEDOM OF INFORMATION ACT

<u>Defendant Improperly Withheld Information Pertaining to Plaintiff.</u>

62.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

63.     The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably

necessary to assure fairness to the individual in the determination [about the individual] . . ." 5 U.S.C. § 552a(e)(5)

64.     The Privacy Act authorizes agencies to exempt certain filing systems from the foregoing requirements. *See* 5 U.S.C. § 552a(j), (k).

65.     Defendant's response to the Request cites to Privacy Act Exemption (k)(2). However, Defendant's reliance on the exemption is vague and simply a reiteration of the wording in the statute.  Absent an explanation of the link between the exempt systems and the information redacted, Plaintiff, nor can a court, make a determination on the validity of the exemption. *Palmieri v. United States*, 194 F.Supp.3d 12, 24 (D.D.C. 2016).

66.     Defendant knew or should have known that its actions were improper, unlawful and/or in violation of FOIA and the Privacy Act.

67.     Defendant acted intentionally or willfully in violation of Plaintiff's privacy rights.

68.     As a result of Defendant's violations of FOIA and the Privacy Act, Plaintiff has suffered adverse and harmful effects, including, but not limited to, mental distress, emotional trauma, and lost or jeopardized present or future financial opportunities.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mathias Trent requests that the Court award him the following relief:

1.     Declare that Defendant violated the Privacy and Freedom of Information Acts;

2.     Order Defendant to immediately disclose the requested records in their entireties to Plaintiff;

3.     Award Plaintiff any actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at trial but is not less than $1,000;

4.      Invoke its equitable powers to expunge all records or information maintained by Defendant that is inaccurate and/or derogatory to Plaintiff;

5.      Award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E)(i); 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B), 552 (a)(4)(E) and/or 28 U.S.C. § 2412(d);

6.      Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

7.      Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Kevin E. Byrnes
Kevin E. Byrnes, D.C. Bar No. 480195
FH+H, PLLC
1751 Pinnacle Drive, Suite 1000
Tysons, VA 22102
T: 703.590.1234
F: 703.590.0366
kbyrnes@fhhfirm.com
*Counsel for Plaintiff*