# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATHIAS TRENT, *formerly known as* BINH QUOC TRAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　Defendant. | Civil Action No. 18-2591 (ABJ) |

## MEMORANDUM OPINION

On November 29, 2016, plaintiff Mathias Trent (formerly known as Binh Quoc Tran) submitted a request for records through his counsel pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2016) and the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a (2014). Compl. [Dkt. # 1] ¶ 22. The request sought records related to the initiation, conduct, or conclusion of any investigation into plaintiff by the Department of Homeland Security ("DHS"). *Id.* On August 15, 2017, plaintiff's counsel received defendant's final response, which stated that DHS conducted a reasonable search, and it found five responsive documents that it redacted under FOIA Exemptions 6, 7(C), 7(E), and Privacy Act Exemption (k)(2). *Id.* ¶¶ 25–27.

On November 9, 2018, plaintiff filed a complaint against DHS, claiming that defendant had not fulfilled its obligations under FOIA and the Privacy Act. Compl. ¶¶ 34–68. Defendant moved for summary judgment on July 2, 2019, Def.'s Mot. for Summ. J. [Dkt. # 15] ("Def.'s Mot."), and plaintiff opposed the motion on August 13, 2019. Pl.'s Opp. to Def.'s Mot. [Dkt.

# 17] ("Pl.'s Opp."). Because plaintiff has failed to exhaust his administrative remedies, the Court will grant defendant's motion.

## BACKGROUND

On November 29, 2016, plaintiff submitted a FOIA/Privacy Act Request to DHS seeking the following records:

1. Any records that relate to the initiation, conduct or conclusion of any investigation into Mr. Trent by the Department of Homeland Security, San Francisco Division in the Washington Headquarters Division, including any matters that led to the referral or declination of any action by the U.S. Attorney's Office for the Northern District of California or which involved a potential referral to another federal or state law enforcement agency it he [sic] United States.

2. Any records in which Trent AKA Tran was considered a witness in any form of investigation or prosecution contemplated by the Department of Homeland Security or the USAO for the Northern District of California.

Ex. B to Compl. [Dkt. # 1-2] ("FOIA Request"). On December 12, 2016, defendant confirmed receipt of the request and assigned it case number 2017-OBFO-03766. Ex. A to Compl. [Dkt. # 1-1]. Defendant also asked plaintiff to fill out an original fingerprint card and resubmit the request. *Id.* On December 15, 2016, he complied with that directive. *See* FOIA Request.

On August 15, 2017,[1] defendant submitted a final response through e-mail stating that it conducted a search for records responsive to the request, and it found a total of five pages of records which were attached with portions withheld pursuant to FOIA Exemptions 6, 7(C), and 7(E), and Privacy Act Exemption (k)(2). Ex. C to Compl. [Dkt. # 1-3] ("Agency Decision Letter").

---

1  The letter was dated July 19, 2017 but it was not transmitted to plaintiff until August 15, 2017. Compl. ¶ 25 n.1.

Plaintiff alleges that he appealed the agency's response to the Associate General Counsel of DHS on October 3, 2017. Compl. ¶ 28, Ex. D. to Compl. [Dkt. # 1-4] ("Appeal Letter"). Because he did not receive a response, he filed this complaint against DHS later that fall. Compl. ¶¶ 29–33.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted). When the court is presented with cross-motions for summary judgment, it analyzes the underlying facts and inferences in each party's motion in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

The mere existence of a factual dispute is insufficient to preclude summary judgment. *Id.* at 247–48. A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id*. at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).

When considering a motion for summary judgment under FOIA, the court must conduct a *de novo* review of the record. *See* 5 U.S.C. § 552(a)(4)(B). The court may grant summary judgment based on information provided in an agency's affidavits or declarations when they are

"relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted), and "not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard*, 926 F.2d at 1200 (citation and internal quotation marks omitted).

## ANALYSIS

In FOIA cases, "[e]xhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *see also* 5 U.S.C. § 552(a)(6). While "the exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so[,]" judicial review is precluded as a jurisprudential matter because "'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Hidalgo*, 344 F.3d at 1258–59, quoting *Oglesby*, 920 F.2d at 61; *see also Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) ("[A] FOIA requester must exhaust administrative appeal remedies before seeking judicial redress."); *Oglesby*, 920 F.2d at 61–62 ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts.") (citations omitted).

Exhaustion is also required before bringing an action under the Privacy Act, and in that case, it is jurisdictional because exhaustion is required by statute. *See* 5 U.S.C. §§ 552a(d)(1)–(3), g(1); *Haase v. Sessions*, 893 F.2d 370, 373–74 (D.C. Cir. 1990) (holding that causes of action for amendment of records and for access to records incorporate exhaustion requirements);

4

*Mulhern v. Gates*, 525 F. Supp. 2d 174, 183 (D.D.C. 2007) ("Premature Privacy Act suits [for improperly withholding documents] are dismissed for lack of subject matter jurisdiction.").

A party seeking agency records under FOIA or the Privacy Act must comply with the procedures to exhaust administrative remedies set forth in the regulations promulgated by the agency involved. *See Hidalgo*, 344 F.3d at 1257 (FOIA); *Calhoun v. U.S. Dep't of Justice*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010), *aff'd,* No. 10–5125, 2010 WL 4340370 (D.C. Cir. Oct. 19, 2010) (FOIA); *see* 5 U.S.C. §§ 552a(d)(1)–(3), (e)–(g)(1) (Privacy Act). A failure to seek review in accordance with the agency's procedures makes a lawsuit subject to dismissal for failure to exhaust administrative remedies. *See Calhoun*, 693 F. Supp. 2d at 91 (when a request "is not made in accordance with the published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies, as '[t]he failure to comply with an agency's FOIA regulations [for filing a proper FOIA request] is the equivalent of a failure to exhaust'"); §§ 552a(d)(1)–(3), (e)–(g)(1). A FOIA/Privacy Act requester bears the burden of producing evidence of a proper appeal. *See Schoenman v. FBI*, No. 04–2202, 2006 WL 1582253, at *11 (D.D.C. June 5, 2006), citing *Bestor v. CIA*, No. Civ.A. 04–2049(RWR), 2005 WL 3273723, at *4 (D.D.C. Sept. 1, 2005); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (plaintiff carries the burden of establishing jurisdiction).

On August 15, 2017, the Department of Homeland Security responded to plaintiff's FOIA request, explaining that certain information was withheld pursuant to FOIA Exemptions 6, 7(C), 7(E), and Privacy Act Exemption (k)(2). Agency Decision Letter at 1–2. The second page of the response states:

> If you are not satisfied with the response to this request, you may administratively appeal by writing to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in the DHS regulations at 6 C.F.R.

> § 5.8. Your envelope and letter should be marked 'FOIA Appeal.' Your appeal must be postmarked or electronically transmitted within 90 days of the date of the response to your request.

*Id.* at 2.

The regulation cited provides that:

> A requester may appeal adverse determinations denying his or her request or any part of the request to the appropriate Appeals Officer. . . . For the address of the appropriate component Appeals Officer, contact the applicable component FOIA liaison using the information in appendix I to this subpart, visit www.dhs.gov/foia, or call 1-866-431-0486. An appeal must be in writing, and to be considered timely it must be postmarked or, in the case of electronic submissions, transmitted to the Appeals Officer within 90 working days after the date of the component's response. . . . The appeal should clearly identify the component determination (including the assigned request number if the requester knows it) that is being appealed and should contain the reasons the requester believes the determination was erroneous. To facilitate handling, the requester should mark both the letter and the envelope, or the transmittal line in the case of electronic transmissions "Freedom of Information Act Appeal."

6 C.F.R. § 5.8(a)(1).

In his complaint, plaintiff asserts that he submitted an appeal to DHS on October 3, 2017, Compl. ¶ 28, and he attaches the Appeal Letter. *See* Appeal Letter. The Letter was addressed to: "Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528" – the address set out in the agency's decision letter. *Id.* at 1; Agency Decision Letter at 2.

Plaintiff's Appeal Letter does not include a street address, but the directions from the agency in the decision letter do not include a street address either. However, the agency's instruction also specify that a letter should be sent to that address "following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.8." Agency Decision Letter at 2. Those procedures are much more specific; if one follows the links they provide, one would learn that the appropriate mailing address is: U.S. Department of Homeland Security, 245 Murray Lane,

SW, Mail Stop 0655, Washington, D.C. 20528-0655. *See FOIA Appeals*, Dep't of Homeland Sec., https://www.dhs.gov/foia-appeals-mediation (last visited March 5, 2020). There is no evidence in the record that was done.

Moreover, the Appeal Letter indicates that it was sent by certified mail, but plaintiff has not provided a receipt from the U.S. Postal Service connecting the letter to a tracking number, nor has he supplied a copy of the envelope. So, while one might reasonably assume that the envelope was addressed in the same manner as the letter, there is no evidence one way or the other. And there is no evidence – nor does plaintiff allege – that he or his lawyer consulted or followed the agency's regulations, by including the more detailed address information or by marking both the letter and envelope with "Freedom of Information Act Appeal."

Plaintiff contends that DHS received the letter on October 10, 2017, and he points to a confirmation from the U.S. Postal Service ("USPS") with respect to a particular tracking number indicating that the "item ha[d] been delivered to the mail room at 11:16 am on October 10, 2017 in WASHINGTON, DC 20528." Ex. B. to Pl.'s Opp. [Dkt. # 17-2] ("Tracking Notice"). The Tracking Notice also shows that USPS was in possession of the item on October 4, and the letter was dated October 3, so the timing is consistent with the notion that the item tracked could be the letter. Since the item was delivered to a mailroom in 20528, plaintiff maintains that he has shown that the agency received the appeal, but did not respond, and so he administratively

exhausted his remedies.[2] Pl.'s Opp. at 4–6. But plaintiff has not provided any evidence that ties the tracking number to the Appeal Letter.

On the other hand, defendant has submitted two affidavits stating that the agency never received the appeal. Decl. of Aeron McGraw, Ex. 2 to Def.'s Mot. [Dkt. # 15-4] ("McGraw Decl.") ¶ 11; Decl. of James V.M.L. Holzer, Ex. 1 to Def.'s Mot. [Dkt. # 15-3] ("Holzer Decl.") ¶ 16. Because the agency never received an appeal, it has not had the opportunity to "review its initial determination, apply its expertise, correct any errors, and create an ample record in the process." *Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 99–100 (D.D.C. 2013); *Carbe v. Bureau of Alcohol, Tobacco & Firearms*, No. Civ.A. 03-1658, 2004 WL 2051359, *8 (D.D.C. Aug. 12, 2004) (granting defendant's motion summary judgment for failure to exhaust administrative remedies where plaintiff mailed his request and appeal, but U.S. Customs Service had no record of having received these documents). To permit plaintiff to continue with his claim "would cut off the agency's power to correct or rethink initial misjudgments or errors[,]"

---

2    Plaintiff states that because DHS never responded, he "constructively" exhausted his administrative remedies. Under FOIA, there are two ways that a requester can exhaust administrative remedies: actual exhaustion and constructive exhaustion. Actual exhaustion is required when an agency responds to a request for records. *See* 5 U.S.C. § 552(a)(6)(A); *Oglesby*, 920 F.2d at 65 (finding that sections 552(a)(6)(A) and (C) of FOIA require "the completion of the administrative appeal process before courts become involved, if the agency has responded to the request before suit is filed"). When an agency fails to respond, the requester "shall be deemed to have exhausted his administrative remedies with respect to such request," 5 U.S.C. § 552(a)(6)(C)(i), and may therefore immediately seek judicial review in federal district court. *See, e.g.*, *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003). This kind of "constructive exhaustion" is "a special provision virtually unique to FOIA." *Spannaus v. U.S Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987). There is no similar concept of constructive exhaustion in the Privacy Act because administrative exhaustion in that law is jurisdictional. *Kearns v. Fed. Aviation Admin.*, 312 F. Supp. 3d 97, 107 (D.D.C. 2018); *Makuch v. FBI*, No. Civ.A. 99-1094, 2000 WL 915640, at *4 (D.D.C. Jan. 5, 2000).

*Oglesby*, 920 F.2d at 64, and frustrate the policies underlying the exhaustion requirement.[3] *See Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1476 n.8 (D.C. Cir. 1986) (applying exhaustion requirement because "it would be both contrary to 'orderly procedure and good administration' and unfair 'to those who are engaged in the tasks of administration' to decide an issue which the [agency] never had a fair opportunity to resolve prior to being ushered into litigation."), quoting *United States v. Tucker Truck Lines*, 344 U.S. 33, 36–37 (1952).

Thus, based upon a consideration of all the evidence, the Court concludes that it is bound by the law in this Circuit to find that plaintiff has failed to exhaust his administrative remedies.[4] Plaintiff relies on logical inferences, but at this point, he bears the burden to come forward with

---

3     *See Lakin v. U.S. Dep't of Justice*, 917 F. Supp. 2d 142, 145–46 (D.D.C. 2013) (granting defendant's motion for summary judgment where plaintiff's appeal was submitted ten days after the sixty-day provided deadline); *Arnold v. U.S. Secret Serv.*, No. CIV A 05-0450 RBW, 2006 WL 2844238, at *2–3 (D.D.C. Sept. 29, 2006) (granting defendant's motion for summary judgment because plaintiff did not present "competent evidence" that he submitted the appeal or that the agency received the appeal); *Antonelli v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, Civ.A. No. 04-cv-1180, 2005 WL 3276222, *5 (D.D.C. Aug. 16, 2005) (granting defendant's motion for summary judgment because plaintiff failed to present genuine issue of material fact as to agency's receipt of FOIA requests where he provided neither evidence of having mailed requests, nor agency's responses, nor his appeal); *Williams v. McCausland*, Nos. 90 Civ. 7563, 91 Civ. 7281, 1994 WL 18510, at *6 (S.D.N.Y. Jan. 18, 1994) (granting summary judgment where, absent proof of agency's receipt of appeal, plaintiff failed to show exhaustion of administrative remedies with regard to FOIA request to Equal Employment Opportunity Commission); *see also Schoenman*, 2006 WL 1582253, at *11–12 (granting defendant's motion to dismiss in part where plaintiff "located copies" of the appeals on his computer, but provided no evidence that they were actually mailed or received by the agency, and the agency averred that no appeal letter was ever received); *Bestor*, 2005 WL 3273723, at *3–4 (granting defendant's motion to dismiss where plaintiff never provided any information indicating whether his appeal was accepted by the agency or whether the agency issued a final decision).

4     The Court is not basing its determination solely on the fact that the Appeal Letter was addressed to the "Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528" which was the same address and format provided by the agency in its own decision letter. While the decision letter placed the reader on notice that more may have been required, the instructions were at best, confusing, as they could be fairly read to direct appeals to that inadequate address. The agency should improve its communication if it intends to rely on the address found through the links in the regulations when arguing exhaustion issues in the future. In this case, though, there were additional deficiencies.

the proof, and several links in the chain are missing. Thus, the Court is precluded from reviewing plaintiff's FOIA claims, and it does not have jurisdiction over his Privacy Act claim. The Court will therefore grant defendant's motion for summary judgment.

    A separate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: March 24, 2020